Simons, J.
(concurring). I concur with the result of the majority and with much the Chief Judge has said. I write separately only to emphasize a separate point urged by plaintiff, that defendants may not be entitled to the presumption that they acted on probable cause although they acted pursuant to a warrant and a finding of probable cause at the preliminary hearing. Quite apart from plaintiff’s claim that the police investigation was negligent or inadequate, which is fully answered by the Chief Judge’s analysis applying Colon v City of New York (60 NY2d 78) and Lee v City of Mount Vernon (49 NY2d 1041), is the claim that the police deliberately withheld exculpatory information from the Magistrate. He claims that defendants were not entitled to the benefit of judicial findings of probable cause because the findings were *287 based upon incomplete disclosure of relevant facts known to the police; that because the police filtered out exculpatory information before presenting their case to the Magistrate, they, in effect, made their own "finding” of probable cause.
As the Chief Judge has stated, the police are not obligated, at this early stage in preparing a case, to reveal everything they know to the Magistrate; they may not have had the opportunity to fully develop or investigate all the information at their disposal and much of it may be unreliable. But there is much to be said for a rule which inhibits the police from distorting or intentionally withholding significant adverse information from the Magistrate when they seek a determination of probable cause and the presumption should attach to a judicial determination only so long as the police have not affirmatively misrepresented the evidence or kept back evidence which could have affected the result (see, Hopkinson v Lehigh Val. R. R. Co., 249 NY 296, 300; see also, Boose v City of Rochester, 71 AD2d 59, 69; Ross v Village of Wappingers Falls, 62 AD2d 892, 896).
While the evidence the police possessed in this case contained serious conflicts and discrepancies, and some which could have been considered exculpatory was not submitted to the Magistrate at the warrant application or at the preliminary hearing, it is clear, in view of the strong identification by the complainant and the abundant evidence corroborating her story, that the result would not have been different if the police had disclosed the withheld information. I, therefore, concur in the result reached by the majority.
Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur with Chief Judge Wachtler; Judge Simons concurs in result in a separate opinion.
Order affirmed, with costs.