11-1232-cv
Crawford v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
              ROSEMARY S. POOLER,
              SUSAN L. CARNEY,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

MICHAEL CRAWFORD,

          *<u>Plaintiff-Appellant</u>*,

          -v.-                                    11-1232-cv

CITY OF NEW YORK, POLICE OFFICERS JOHN
AND JANE DOES 1-10, POLICE OFFICERS
JOHN AND JANE DOES 11-20, NEW YORK CITY
POLICE CHIEF RAYMOND W. KELLY, in his
official capacity and individually,
QUEENS COUNTY, QUEENS COUNTY DISTRICT
ATTORNEY RICHARD A. BROWN, in his
official capacity and individually, NEW

1

**YORK CITY POLICE SERGEANT PETER MASTROCOVI, in his individual capacity, NEW YORK CITY DETECTIVE VINCENT PELLIZZI, in his individual capacity, NEW YORK CITY DETECTIVE ANTOINETTE ESPOSITO, in her individual capacity, ASSISTANT DISTRICT ATTORNEYS JOHN AND JANE DOES 1-10, in their individual capacities, JOHN AND JANE DOES 11-20, JESSICA MELTON, ASSISTANT DISTRICT ATTORNEY, in her individual capacity,**

　　　　　*Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**　　　　　Mary Teague (Israel Dahan, Jessica Lively, Vinny Lee, <u>on the brief</u>), Cadwalader, Wickersham & Taft LLP New York, NY


**FOR APPELLEES:**　　　　　Andrew S. Wellin, Proskauer Rose LLP (Larry A. Sonnenshein <u>on the brief</u>), <u>for</u> Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY

　　　Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, <u>J.</u>).

　　　**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED.**

　　　Michael Crawford appeals from the grant of summary judgment dismissing his claims of malicious prosecution under 42 U.S.C. § 1983 and New York law and failure to train under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment <u>de novo</u> and draw all inferences in favor of the nonmoving party. <u>El Sayed v. Hilton Hotels Corp.</u>, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam). "Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Id.</u> (internal quotation marks omitted). "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." <u>D'Amico v. City of New York</u>, 132 F.3d 145, 149 (2d Cir. 1998).

In support of his failure-to-train claim, Crawford argues that he was arrested without probable cause, and then prosecuted without probable cause. "Probable cause requires an officer to have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." <u>Panetta v. Crowley</u>, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks omitted). An officer need not be certain that a subsequent prosecution will succeed, and it is "of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation." <u>Krause v. Bennett</u>, 887 F.2d 362, 371 (2d Cir. 1989) (internal quotation marks omitted).

The statements made by A. and M. in their interviews with Sgt. Mastrocovi established probable cause to support Crawford's arrest. The girls alleged that they were victims of multiple instances of sexual abuse at the hands of Crawford, and provided detailed and approximate dates of such abuse. As the district court concluded, the girls' stories are mutually corroborating: That two different victims came forward to report similar instances of abuse tends to reinforce the credibility of each. The record shows that Sgt. Mastrocovi communicated the substance of the girls' allegations to the arresting officer, though probable cause would have existed even if he had not.[1] Because there

---

[1] If one officer in a police department has knowledge of facts that establish probable cause to arrest a suspect, the suspect suffers no constitutional deprivation if he is arrested by a different officer who lacks such knowledge.

were no "circumstances that raise[d] doubts as to the victim[s]' veracity," their statements provided probable cause to arrest Crawford.  <u>Singer v. Fulton Cnty. Sheriff</u>, 63 F.3d 110, 119 (2d Cir. 1995).

The existence (or absence) of probable cause to prosecute bears upon the merits of the district court's award of summary judgment both as to Crawford's failure-to-train and his malicious prosecution claims.  "The elements of . . . malicious prosecution under § 1983 are substantially the same as the elements under New York law.  Therefore, the analysis of the state and the federal claims is identical."  <u>Boyd v. City of New York</u>, 336 F.3d 72, 75 (2d Cir. 2003) (internal quotation marks omitted).  To establish malicious prosecution, "the plaintiff must show that a prosecution was initiated against him, that it was brought with malice but without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff."  <u>Id.</u> at 76.  Indictment by a grand jury creates a rebuttable presumption of probable cause.  <u>See</u> <u>id.</u>; <u>Colon v. City of New York</u>, 60 N.Y.2d 78, 82 (1983).  That presumption "may *only* be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  <u>Savino v. City of New York</u>, 331 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks omitted; emphasis in original).

Crawford failed to raise a triable issue of fact that might rebut the presumption of probable of cause that attaches to his indictment.  The supposed inconsistencies in some of the girls' statements as to the details and precise dates of the assaults are minor discrepancies that do not negate probable cause, much less establish bad faith on the part of authorities.  Crawford also points to alleged inadequacies in the police investigation, including the supposed failure of police to investigate his purported alibi.  However, "an officer's failure to investigate an

---

<u>See</u> <u>United States v. Valez</u>, 796 F.2d 24, 28 (2d Cir. 1986) (discussing "[t]he rule that permits courts to assess probable cause to arrest by looking at the collective knowledge of the police force--instead of simply looking at the knowledge of the arresting officer").

4

arrestee's protestations of innocence generally does not vitiate probable cause." Panetta, 460 F.3d at 395-96.  And since he was living with the girls who accused him, there is no reason to believe that Crawford's claimed alibi, that he worked the night shift, would foreclose his opportunity to molest them.

The officers' failure to request a report on the Crawford family from the Administration for Children's Services also does not assist Crawford's malicious prosecution claims.  That report would not have seriously undermined the girls' allegations of abuse, particularly in light of the additional corroborating evidence that came to light after Crawford's arrest, including the statement of A.'s brother, T., who claimed to have witnessed Crawford remove A. from her bedroom on multiple occasions.

Finally, Crawford suggests that Det. Pellizzi fabricated his account about visiting Crawford's home and seeing A.'s diary.  However, Det. Pellizzi's account is corroborated by A.'s grand jury testimony, which affirmed the existence of a diary documenting Crawford's abuse. Crawford offers nothing beyond speculation to suggest that Det. Pellizzi fabricated a story.  Conclusory allegations are insufficient to withstand summary judgment.

Crawford thus failed to establish a triable issue of fact with regard to whether probable cause supported his arrest or his prosecution, leaving no basis for finding a possible constitutional deprivation necessary to support a failure-to-train claim.  See Young v. Cnty. of Fulton, 160 F.3d 899, 904 (2d Cir. 1998).  The district court thus properly awarded summary judgment to defendants on Crawford's failure-to-train claim and on his claim for malicious prosecution.

We have considered Crawford's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5