OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. The victim’s identification of plaintiff as the robber and the Grand Jury’s indictment established probable cause for his prosecution. In the face of those two elements plaintiff must establish that the identification was the result of a conspiracy between the officials and the victim and that the indictment was the result of fraud, perjury or the suppression of evidence (see Anns., 28 ALR3d 748, 66 ALR3d 10).
The evidence presented did not make out prima facie such a *1043 case. Not to be lost sight of is the fact that the decision to present the matter to the Grand Jury was that of the District Attorney, for whose acts the city is not responsible, and that Barbagallo, the city detective, did not testify before the Grand Jury, nor has it been shown that he withheld information in his possession from the Grand Jury.
In final analysis plaintiffs claim is that Barbagallo should have investigated further why plaintiff was in the area and to ascertain whether there were fingerprints on the gun that was retrieved near the scene. In the face of the fact that plaintiff matched the complaining witness’ description of the robber in height, weight, age and clothing, of the positive identification by the complaining witness when plaintiff was returned to the scene soon after the crime, of her identification of some of the money found in plaintiff’s possession as having been marked by her, and of the indictment of plaintiff by the Grand Jury, plaintiff was required to show that Barbagallo’s procedure deviated so egregiously from proper police activity as to indicate intentional or reckless action on his part. While the evidence suggests that not all procedures that could have been followed were followed in fact, it does not establish that the omissions were improper, much less egregious, given the positive identifications and exact description referred to above (compare Restatement 2d, Torts, § 664, subd [2], and Comment b; § 663, subd [1], par [c], and Comment h, with § 662, and Comment j).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.