OPINION OF THE COURT
Simons, J.
Defendant appeals from a judgment awarding plaintiff damages for malicious prosecution and false imprisonment. It does not contest the false imprisonment claim but it contends the malicious prosecution action should have been dismissed because plaintiff failed to overcome the presumption which arose from his indictment that the police acted with probable cause in charging him with murder in the second degree.
The criminal charges followed the fatal stabbing of Emelio Hernandez on March 3,1974. When the indictment was moved for trial 22 months later, the District Attorney discovered that although several witnesses had seen plaintiff fighting another man in the area where the victim was found, there was no direct evidence connecting defendant and the victim because none of the witnesses could identify Hernandez as the other man in the fight. The police investigators had apparently assumed plaintiff was Hernandez’ killer after finding him lying in the vicinity of Hernandez’ stabbed body and learning that plaintiff had been involved in a fight in which he had used a knife. The District Attorney therefore moved to dismiss the indictment and the motion was granted.
Plaintiff then instituted this action. The city defaulted but the parties stipulated at the inquest that plaintiff would be required to present evidence establishing a prima facie case of malicious prosecution before he could recover *81 on that cause of action. Trial Term found for plaintiff on both causes of action and awarded him $250,000 damages. With respect to the cause of action for malicious prosecution, it held that the presumption of probable cause did not arise from the indictment in the absence of direct evidence before the Grand Jury connecting plaintiff with the death of the victim but that even if it did, plaintiff’s evidence had rebutted the presumption. The Appellate Division reduced the damages to $125,000 and granted the city leave to appeal to this court.
The evidence established that around midnight of March 3, 1974 the police were called to investigate a knifing on Intervale Avenue, between Beck and Fox Streets, in The Bronx. When the police arrived, they found the body of the victim, Emelio Hernandez, on the sidewalk critically injured from several stab wounds. Plaintiff was lying on the sidewalk about 100-150 feet away. Both men were taken to Lincoln Hospital where Hernandez died about 12:45 a.m. The police questioned several people in the area and found two witnesses who stated that plaintiff and another were in an argument in a social club at 882 Intervale Avenue; that plaintiff was drunk and calling the other man obscene names and that plaintiff eventually asked the man to step outside. Two other witnesses told police that they saw plaintiff, whom they later identified at the hospital, in a fight with another man on Intervale Avenue. These witnesses stated they saw plaintiff swing a knife at the other man but that the crowd around the fight closed in and they could see nothing else until the two men were separated by the spectators. One of these witnesses described the man fighting with plaintiff as 5 feet 4 inches tall, medium build, about 30 years of age and wearing a cream colored jacket. This evidence was corroborated in various particulars by several people interviewed. None of them saw more than one fight in the area that night. The officer’s belief that the man plaintiff was fighting with was Hernandez was corroborated by the autopsy report which revealed that Hernandez was 5 feet 5 inches tall, weighed 110 pounds, was approximately 28 years old and was wearing a light beige jacket with brown lining when brought to the hospital.
For his part, plaintiff told the police that he had been in an argument at the social club that night, that he had *82 asked another man to step outside and that after going outside he had been hit over the head from behind and had no further recollection of the incident.
The elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice (see Martin v City of Albany, 42 NY2d 13,16; Broughton v State of New York, 37 NY2d 451, 457, cert den sub nom. Schanbarger v Kellogg, 423 US 929; 2 NY PJI 798 et seq.). Only the element of probable cause concerns us on this appeal.
Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty (Hyman v New York Cent. R. R. Co., 240 NY 137,143; Boose v City of Rochester, 71 AD2d 59, 67; and see Munoz v City of New York, 18 NY2d 6; Colaruotolo v City of Cohoes, 44 AD2d 616, affd 36 NY2d 716; Restatement, Torts 2d, § 662). A party may act with probable cause even though mistaken, for a mistake of fact as to the identity of a criminal may be consistent with probable cause if the party acted reasonably under the circumstances in good faith (Burt v Smith, 181 NY 1; Vennard v Sunnyside Sav. & Loan Assn., 44 AD2d 727; and see Malicious Prosecution — Mistaken Identity, Ann., 66 ALR3d 10). Conversely, the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause (see Sweet v Smith, 42 App Div 502).
Once a suspect has been indicted, however, the law holds that the Grand Jury action creates a presumption of probable cause (Lee v City of Mount Vernon, 49 NY2d 1041; Caminito v City of New York, 25 AD2d 848, affd 19 NY2d 931; Eberhardt v Consolidated Edison Co., 1 AD2d 1001, affd 3 NY2d 968; Boose v City of Rochester, 71 AD2d 59, 62, supra; Restatement, Torts 2d, § 664, subd [2]; Malicious Prosecution — Effect of Grand Jury Indictment on Issue of Probable Cause, Ann., 28 ALR3d 748; 2 NY PJI 806-808). The rule is founded upon the premise that the Grand Jury acts judicially and it may be presumed that it has acted regularly. The presumption may be overcome only by evidence establishing that the police witnesses have not *83 made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith (Lee v City of Mount Vernon, 49 NY2d 1041, supra; Hopkinson v Lehigh Val. R.R. Co., 249 NY 296, 300; Phillips v City of Syracuse, 57 NY2d 996, affg 84 AD2d 957 on opn thereat; Boose v City of Rochester, 71 AD2d 59, 69, supra; Matter of Williams v City of Hudson, 69 AD2d 921). The rule in New York differs in this respect from that in some jurisdictions which permit the presumption to be overcome by any evidence tending to show the absence of probable cause (see Malicious Prosecution — Effect of Grand Jury Indictment on Issue of Probable Cause, Ann., 28 ALR3d 748, 766-768). In this State, the trial court may not weigh the evidence upon which the police acted or which was before the Grand Jury after the indictment has issued. If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.
Plaintiff maintains that the presumption has been overcome in this case for several reasons. He relies first upon the circumstance that there was no direct evidence connecting him to the victim’s death. He claims that the police should have required the witnesses to view the body of Hernandez or that at least they should have shown them the police pictures of the victim’s body before arresting him. Further, he points out that there were discrepancies in the witnesses’ descriptions of the clothing worn by the other man fighting plaintiff and that the police should have shown witnesses the victim’s jacket so that they could identify it. Finally, he contends that there is perjury in the record because of conflicting evidence about the location of Hernandez’ body when found. Undoubtedly, further avenues of investigation were open to the police before they relied on circumstantial evidence of the killer’s identity, but their failure to pursue the investigation is not the equivalent of fraud or the suppression of evidence. Nor do variations in the witnesses’ testimony prove perjury. Rather, they appear to indicate only the witnesses’ differing perceptions of the incidents they observed.
*84 One additional point is advanced to negative the effect of the indictment. Plaintiff contends that the presumption disappeared when the District Attorney moved to dismiss the indictment. The dismissal under the circumstances of this case constituted no more than an admission that the People lacked evidence to establish a prima facie case of guilt. It was not a concession that the arrest was made without probable cause (see and compare Boose v City of Rochester, 71 AD2d 59, 69, supra [in which the indictment was superseded by a no bill]).
Accordingly, the order of the Appellate Division should be modified, with costs to defendant, by dismissing the cause of action for malicious prosecution, and the case should be remitted to Supreme Court, Bronx County, for an assessment of damages on the cause of action for false imprisonment and, as so modified, the order should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
Order modified, with costs to defendant, by dismissing the cause of action for malicious prosecution and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein and, as so modified, order affirmed.