OPINION OF THE COURT
Chief Judge Wachtler.
In this action to recover damages for false arrest and imprisonment and malicious prosecution, the primary question on the appeal is whether the evidence at trial was sufficient to establish a prima facie case that the police improperly withheld evidence from the courts in applying for an arrest warrant and testifying at a felony hearing, thus forfeiting their right to claim the immunity generally available to those acting in reliance on court orders.
On August 8, 1979 a woman was dragged into a car and raped in the Town of Harrison. She described her assailant to the police as a white male, over six-feet tall, with brown or black hair of medium length covering his ears, with a large muscular build, like a weight lifter, wearing a tank top, approximately 35 to 40 years old. She also said that she had scratched or "scratched at” his face during the assault. The victim described his car as new or fairly new, possibly a tan or light brown, four door, Ford LTD.
Based on the victim’s description the investigating officer compiled an array of 12 photographs including the plaintiff’s. The victim identified the plaintiff from his photo, as her assailant. The plaintiff fit the description the victim had given to the police, except for his age, which was 19 at the time of the incident.
*283 The officer then took the victim to a Ford dealership where she identified a Thunderbird as the type of car used in the rape. She later identified a Thunderbird parked at the plaintiff’s residence as the car in which she was raped. This car, a 1979 grey Thunderbird, is registered to the plaintiffs father’s business.
On August 22 the officer obtained an arrest warrant based on the victim’s identification. The following day the police arrested the plaintiff on the warrant. At the time of his arrest no scratches were noted on his face. When informed of the charge the plaintiff stated that he was at his family’s summer residence in Massachussets on the date of the rape, and produced a Massachussets vehicle inspection sticker issued on that date and a temporary driver’s license issued the following day. Subsequent investigation indicated that his car had been inspected in Massachussets between 11:00 a.m. and 12:00 noon on the day of the rape and the plaintiff had taken a driving test there at 1:30 p.m. the following day. The Gisondi summer residence in Massachussets is approximately 260 miles from Harrison, or about 4 to 5 hours by car.
At a felony hearing held on August 29, the victim identified the plaintiff as the rapist and the plaintiff called two witnesses who testified that they were with him in Massachussets on the night of the rape. The court ordered the plaintiff held for the Grand Jury and on November 16 the Grand Jury voted to dismiss the charge.
The plaintiff then brought this action against the town seeking damages for false arrest and imprisonment and malicious prosecution. The plaintiff claimed that town police officers falsified certain facts and withheld exculpatory information from the courts in applying for the arrest warrant and testifying at the felony hearing.
The jury returned a verdict for the plaintiff but the Appellate Division reversed, holding that the plaintiff had failed to establish a prima facie case that the police had falsified facts or withheld evidence exculpating the defendant (120 AD2d 48). The plaintiff appeals.
The plaintiff could not prevail on either cause of action if the police had probable cause to believe that the defendant, the plaintiff in the civil action, was the person who committed the rape (Broughton v State of New York, 37 NY2d 451). In this case the victim positively identified the plaintiff and the car, and two courts held in successive proceedings that prob *284 able cause existed to arrest the plaintiff and hold him for the Grand Jury. Under these circumstances there is a presumption that the police acted with probable cause (Colon v City of New York, 60 NY2d 78; Broughton v State of New York, supra, at 458; Langley v City of New York, 34 NY2d 885). That presumption is not overcome by the fact that the Grand Jury later voted to dismiss the charges (cf., Colon v City of New York, supra, at 84). It could only be rebutted by proof the court orders were the result of fraud, perjury or the suppression of evidence by the police (Colon v City of New York, supra, at 82-83; Lee v City of Mount Vernon, 49 NY2d 1041, 1042; Broughton v State of New York, supra; Langley v City of New York, supra).
On this appeal the plaintiff focuses on the information allegedly withheld by the police in the warrant application and at the felony hearing, and claims that the proof on this point was sufficient to raise a factual question of concealment for the jury. The evidence allegedly withheld falls into two general categories.
First the plaintiff claims that the police should have disclosed to the courts the discrepancies in the victim’s identification. He notes that the plaintiff was 19 at the time of the incident and not 35 to 40 years old, that no scratches were observed on his face at the time of his arrest, and that the Gisondi car is a grey two-door Ford Thunderbird, not a tan four-door Ford LTD.
Secondly he urges that the police should have investigated the alibi and disclosed the information to the court at the felony hearing.
Claims that the police concealed evidence in connection with a court application or proceeding raise special problems. The police must never resort to fraud or perjury in making such applications. However, they generally do not have to disclose everything they know whenever they appear in court. Whether the withholding of certain evidence constitutes improper concealment or proper prosecutorial discretion depends initially on the type of proceeding involved.
 Under existing statutes and accepted practices little need be revealed at the earliest stages, while fuller disclosure is required before the Grand Jury (see, e.g., Boose v City of Rochester, 71 AD2d 59), although even then the prosecutor is not always required to disclose all evidence that may benefit the accused (People v Lancaster, 69 NY2d 20, 22). Similarly, *285 the police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it (Colon v City of New York, supra; Lee v City of Mount Vernon, supra). In short, the police and prosecutors cannot be said to have improperly concealed evidence every time the plaintiff is able to show that they could have done more or could have disclosed more. What is required is proof that the police conduct deviated egregiously from statutory requirements or accepted practices applicable in criminal cases (Lee v City of Mount Vernon, supra, at 1043). The evidence in this case does not rise to that level.
In any investigation the police are likely to encounter discrepancies, particularly in cases involving eyewitness identification. These matters may impair their ability to prove guilt beyond a reasonable doubt at trial, but they generally have little bearing at preliminary stages where the only relevant concern is whether there is sufficient evidence to show probable cause to believe the defendant committed the crime. The police and prosecutors are not required to disclose all of their evidence in an application for an arrest warrant or at a felony hearing (see, e.g., CPL 120.20, 180.70; People v Hodge, 53 NY2d 313, 318-319) and are not generally required to disclose all discrepancies or potential weaknesses in the case uncovered during the investigation. There may be extraordinary cases in which particular discrepancies are so substantive that failure to disclose them would be comparable to fraud or perjury. For instance, if the police knew that a person identified as a rapist by the victim was in fact in custody in the police station at the time of the rape, they could not withhold that evidence from the court with impunity.
But there are no such discrepancies in this case. On the contrary, the discrepancies which the police "failed” to disclose here are not at all unusual, nor was it unusual or improper for them to do so. If the failure to disclose this type of discrepancy were held to constitute withholding of evidence, virtually every failed prosecution in which the police applied for an arrest warrant or testified at a felony hearing without noting every discrepancy revealed during the investigation, would give rise to a suit and trial for false arrest and imprisonment or malicious prosecution.
The plaintiffs contention that the police withheld evi *286 dence at the felony hearing, by failing to inform the court of the alibi plaintiff raised when arrested, is also insubstantial. The court was not ignorant of the claimed alibi because, as noted above, the plaintiff himself produced two witnesses who testified that they were with him in Massachussets on the night of the rape. In essence the plaintiff urges that the police should have bolstered his alibi by investigating his statements, that his car was inspected in Massachussets on the day of the rape and that he took his driver’s test there the following day, and informing the court of the results at the hearing. Although we have held that the police need not investigate every asserted alibi (Brown v City of New York, 60 NY2d 893; cf., Colon v City of New York, supra, at 83), plaintiff argues that they should have done so here because the claims concerning the vehicle inspection and driver’s test could be easily verified and completely exonerate him. This information could just as easily have been obtained and presented to the court by the plaintiff. And as the Appellate Division noted, the results were hardly conclusive since the defendant could well have been present in Massachussets having his car inspected at noon on the day of the rape and then make the 4-to-5-hour trip by car back to Harrison, arriving there long before the rape was committed at 10:30 that evening.
In sum, the plaintiff’s proof was insufficient as a matter of law to establish a prima facie case of fraud or concealment on the part of the police, and the Appellate Division properly dismissed the complaint.
Accordingly the order of the Appellate Division should be affirmed, with costs.