■ JAMES TAYLOR, Respondent, v CITY OF MOUNT VERNON et al., Appellants, et al., Defendants.—In an action, inter alia, to recover damages for false imprisonment and malicious prosecution, the defendants City of Mount Vernon and James Garcia appeal, as limited by their brief, from so much of a

judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), entered January 12, 1989, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $25,000.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the complaint is dismissed insofar as it is asserted against the defendants City of Mount Vernon and James Garcia.

The plaintiff was arrested for an armed robbery pursuant to a warrant which was premised, in part, on the victim's positive identification from a photographic array compiled by the defendant Garcia, a detective employed by the defendant City of Mount Vernon. The plaintiff, who could not make bail for some 13 days, was evidently held, after a felony examination (see, CPL art 180), pending the action of the Grand Jury. At the Grand Jury proceeding, the plaintiff presented evidence that he was elsewhere at the time of the crime and the Grand Jury ultimately declined to indict him. The plaintiff thereafter commenced this action, *inter alia,* to recover damages for false imprisonment and malicious prosecution. Following a nonjury trial the plaintiff was awarded the principal sum of $25,000.

We agree with the Judicial Hearing Officer that, notwithstanding certain discrepancies between the witnesses' descriptions of the assailants and the plaintiff's appearance, and between witnesses' descriptions of the getaway vehicle and the vehicle the plaintiff owned, the arrest warrant was properly issued and executed *(cf., Gisondi v Town of Harrison,* 72 NY2d 280). We do not agree, however that the appellants' allegedly "negligent" failure to investigate the plaintiff's alibi, on which the Judicial Hearing Officer relied in awarding the plaintiff damages, is a sufficient basis for imposing liability *(Gisondi v Town of Harrison, supra; see also, Colon v City of New York,* 60 NY2d 78). Indeed, broad general principles of negligence have no application here *(see, Boose v City of Rochester,* 71 AD2d 59, 62). Since the plaintiff failed at trial to overcome the presumption that his arrest pursuant to a warrant was premised on probable cause *(see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), and to establish the existence of malice or other egregious conduct on which an inference of malice could be based *(Broughton v State of New York, supra; cf., Gisondi v Town of Harrison, supra,* at 285; *see, Boose v City of Rochester, supra,* at 70), the action against the appellants should have been dismissed at the conclusion of the trial. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.