■ REGINALD CARTHENS, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for false arrest and malicious prosecution, the defendant appeals from a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered January 31, 1989, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $150,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff, who generally fit the description of the perpetrator, was identified by an eyewitness and arrested and indicted, *inter alia,* for murder in the second degree. At the Grand Jury proceeding, it was not disclosed that there were

certain discrepancies between the description given by the eyewitness and the actual appearance of the plaintiff, such as the clothes he was wearing. Ten months later, new evidence resulted in the release of, and dismissal of the charges against the plaintiff. The plaintiff thereafter commenced this action to recover damages for false arrest and malicious prosecution. Following a jury trial, the plaintiff was awarded the principal sum of $150,000 on the malicious prosecution cause of action only. We reverse.

It is well settled that a Grand Jury indictment creates a presumption of probable cause to believe that the plaintiff committed the crime charged (*Colon v City of New York,* 60 NY2d 78; *Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Lee v City of Mount Vernon,* 49 NY2d 1041; *Landsman v Moss,* 133 AD2d 359; *Boose v City of Rochester,* 71 AD2d 59). That presumption may be overcome only by evidence establishing that the police conduct "deviated egregiously from statutory requirements or accepted practices applicable in criminal cases" (*Gisondi v Town of Harrison,* 72 NY2d 280, 285; *see also, Lee v City of Mount Vernon, supra,* at 1043), and in any event the plaintiff is required to demonstrate the existence of malice or its factual equivalent (*see, e.g., Colon v City of New York, supra,* at 82).

The discrepancies between the plaintiff's appearance and the descriptions of the perpetrator are insufficient to overcome the presumption (*see, Gisondi v Town of Harrison, supra; see also, Taylor v City of Mount Vernon,* 161 AD2d 631). Moreover, the plaintiff failed to establish the existence of malice or other egregious conduct on which any inference of malice could be based (*see, Broughton v State of New York, supra; cf., Gisondi v Town of Harrison, supra; see also, Taylor v City of Mount Vernon, supra; Boose v City of Rochester, supra*). Lawrence, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.