■ SALVATORE DeFILIPPO, Appellant, v COUNTY OF NASSAU, Respondent, et al., Defendant. [618 NYS2d 61] —In an action, *inter alia,* to recover damages for malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered April 7, 1993, as, upon an order of the same court dated March 12, 1993, granting the defendant County of Nassau's motion for summary judgment, dismissed the cause of action to recover damages for malicious prosecution.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On January 25, 1983, at approximately 9:20 A.M., an armed perpetrator robbed the Long Island Trust Company, N. A., bank in Hicksville. Several bank employees gave the authorities a description of the perpetrator. Thereafter, two bank employees as well as a police officer identified the plaintiff from a photographic array which consisted of eight pictures. One of these bank employees, as well as the police officer, subsequently identified the plaintiff from a lineup. Following

the plaintiff's arrest, a third bank employee also came forward and identified the plaintiff from a photograph taken of the original lineup. On May 2, 1983, the plaintiff was indicted by a Grand Jury on four counts of robbery in the first degree, criminal use of a firearm in the first degree, and menacing. After the plaintiff had served 16 months in jail, the actual perpetrator confessed, and the plaintiff was released on or about June 1, 1984, and the indictment against the plaintiff was dismissed in the interests of justice.

The plaintiff thereafter commenced this action to recover damages, *inter alia,* for malicious prosecution from the County of Nassau and the Long Island Trust Company, N. A. The action against the Long Island Trust Company, N. A., was dismissed by this Court, which reversed an order denying its motion for summary judgment and granted the motion *(DeFilippo v County of Nassau,* 183 AD2d 695). The County of Nassau moved for summary judgment to dismiss all causes of action asserted by the plaintiff against it. The Supreme Court granted the County's motion to dismiss the entire action, finding that the issue of probable cause had been subjected to review and sustained at the various levels of the court system, and furthermore, that the allegations of the plaintiff failed to raise a material issue of fact that would bar granting summary judgment. The plaintiff appeals from the judgment only with regard to the dismissal of his cause of action to recover damages for malicious prosecution, contending that a question of fact exists as to whether the procedures employed by the police leading up to the plaintiff's arrest deviated so egregiously from proper police activity as to indicate intentional or reckless action on their part. The plaintiff also contends that the prosecutor improperly concealed and mischaracterized evidence from the Grand Jury which would have led the Grand Jury not to indict the plaintiff.

We agree with the Supreme Court's finding that the plaintiff failed to make out a prima facie case of malicious prosecution by failing to overcome the presumption of probable cause which attached upon his Grand Jury indictment. Thus, the plaintiff cannot demonstrate that probable cause was lacking for the underlying criminal proceeding, which is an element necessary to maintain a malicious prosecution cause of action *(see, Colon v City of New York,* 60 NY2d 78). It is well settled that a Grand Jury indictment creates a presumption of probable cause to reasonably believe that the plaintiff committed the crime charged and that the presumption may be overcome by the plaintiff showing fraud, perjury, or the withholding of

evidence, or by evidence establishing that the police conduct deviated egregiously from either statutory requirements or accepted practices applicable to criminal cases *(see, Gisondi v Town of Harrison,* 72 NY2d 280, 285; *Carthens v City of New York,* 168 AD2d 408, 409).

In our view, the evidence which the plaintiff presented to rebut this presumption was insufficient as a matter of law. The discrepancies in height and the existence of scars on the plaintiff's face are insufficient to overcome the presumption *(see, Gisondi v Town of Harrison, supra; Carthens v City of New York, supra).*

Furthermore, the mere assertion of an alibi, and even the failure to investigate such an alibi to the plaintiff's satisfaction, does not overcome the existence of probable cause to prosecute *(Brown v City of New York,* 92 AD2d 15, 18, *affd* 60 NY2d 893).

We have examined the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.