■ ROBERT JENKS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81402.) WILLIAM F. McGUIRE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81403.) SHARON HOKE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81404.) MARIE BANKO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81405.) JOSE F. DE LA CRUZ, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81406.) RAMONA GUTHY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81407.) VICTORIA D. ACHACOSO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 81408.)

[623 NYS2d 916] —In seven jointly tried claims to recover damages for false arrest, false imprisonment and malicious prosecution, the claimants appeal from seven judgments of the Court of Claims (Corbett, J.) (one as to each of them), all dated June 4, 1993, which after a nonjury trial, dismissed their respective claims.

Ordered that the judgments are affirmed, with one bill of costs.

To recover damages for malicious prosecution, it is necessary to show an absence of probable cause to make the arrest and to maintain the subsequent criminal proceeding (see, Weingarten v Halfpenny Auto Parts, 138 AD2d 373, 374; see also, Colon v City of New York, 60 NY2d 78, 82). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (Colon v City of New York, supra, at 82).

We agree with the trial court that the evidence presented at the trial in the present cases establishes that the motor vehicle inspection stickers that were removed from the claimants' automobiles were forged. Therefore, there was probable cause to arrest each claimant for criminal possession of a forged instrument in the third degree even though each one denied knowing that the stickers had been forged. While an essential element of the crime of criminal possession of a forged instrument in the third degree is knowledge that the instrument is forged (see, People v Johnson, 65 NY2d 556, 560-561), and the claimants in the present cases have consistently denied that they knew the stickers on their automobiles were forged, the evidence needed to establish probable cause to justify an arrest need not be the same as that needed to warrant a conviction (see, Adams v Williams, 407 US 143, 149; People v Miner, 42 NY2d 937, 938; People v Sanders, 79 AD2d 688, 690). Thus, the trial court properly dismissed the claimants' malicious prosecution claims since there was probable cause for the commencement and continuation of the criminal proceedings against the claimants (see, Broughton v State of New York, 37 NY2d 451, 457). Moreover, no unequivocal, exonerating evidence became available to the State after the claimants' arrests and before the charges against the claimants were dropped because the People were not ready for trial in a timely manner (see, e.g., Brown v City of New York, 60 NY2d 893, 894; Feinberg v Saks & Co., 56 NY2d 206, 211).

Likewise, the claimants' false arrest and false imprisonment claims were properly dismissed since the claimants' arrests

were based on probable cause *(see, Broughton v State of New York, supra; Minott v City of New York,* 203 AD2d 265; *Kramer v City of New York,* 173 AD2d 155). Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.