■ FLOYD BATTEN et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [20 NYS3d 160]—

In an action, inter alia, to recover damages for malicious prosecution, etc., the defendants City of New York, John D'Elia, Nicholas Krosofsky, Paul Bostic, and Patty Varrone appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated June 21, 2013, as denied those branches of their motion which were for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against them and dismissing the claim for punitive damages insofar as asserted against John D'Elia, Nicholas Krosofsky, Paul Bostic, and Patty Varrone.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants City of New York, John D'Elia, Nicholas Krosofsky, Paul Bostic, and Patty Varrone which were for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against them and dismissing the claim for punitive damages insofar as asserted against John D'Elia,

Nicholas Krosofsky, Paul Bostic, and Patty Varrone are granted.

On November 4, 1983, Igor Khutorsky was shot and killed during the course of a robbery of his furniture store in Brooklyn. Two perpetrators were involved in this crime. The plaintiff Floyd Batten (hereinafter Batten) was arrested on November 7, 1983, based on the eyewitness identification of him by a store employee as the perpetrator who shot Khutorsky. The second perpetrator was never identified.

A grand jury indicted Batten and he was convicted by a jury of murder in the second degree, and sentenced to a term of 20 years to life in prison. His judgment of conviction was affirmed by this Court (see People v Batten, 141 AD2d 746 [1988]) and his application for leave to appeal to the Court of Appeals was denied (see People v Batten, 72 NY2d 915 [1988]).

While he was incarcerated, Batten made several requests pursuant to the Freedom of Information Law (hereinafter FOIL) to the Kings County District Attorney's office. In response to his FOIL requests, Batten received certain police reports that he alleged he and his attorney had never seen. One of the reports contained information relating to a telephone call from a confidential informant, received after the present-ment of the case to the grand jury. The confidential informant stated that an employee at Khutorsky's furniture store ap-proached his girlfriend and asked if she knew anyone who could rob the store for him on a Thursday or a Friday. Another report concerned the investigation of an employee of Khutor-sky's store who fit the general description provided by the confidential informant.

Thereafter, Batten filed a motion pursuant to CPL 440.10, which was denied by the Supreme Court in an order dated March 4, 1994. The defendant's application pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this Court from that order was denied on May 20, 1994.

Subsequently, Batten sought a writ of habeas corpus by filing a petition in the United States District Court for the Eastern District of New York. This petition was granted in August 2003 and Batten was released from custody. Thereafter, Batten, and his wife suing derivatively, commenced this action against the City of New York and various retired police officers and detec-tives.

The defendants City of New York, John D'Elia, Nicholas Krosofsky, Paul Bostic, and Patty Varrone (hereinafter collect-ively the appellants) moved pursuant to CPLR 3211 to dismiss the complaint and for summary judgment dismissing the

complaint insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, denied those branches of the appellants' motion which were for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against them and dismissing the claim for punitive damages insofar as asserted against D'Elia, Krosofsky, Bostic, and Varrone. The appellants appeal from so much of the order as denied those branches of their motion. We reverse the order insofar as appealed from.

In an action alleging malicious prosecution, the plaintiff must establish "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice" (*Colon v City of New York*, 60 NY2d 78, 82 [1983]; *see Williams v City of New York*, 114 AD3d 852, 853 [2014]; *Washington-Herrera v Town of Greenburgh*, 101 AD3d 986, 988 [2012]; *Gagliano v County of Nassau*, 31 AD3d 375, 376 [2006]). "Probable cause to believe that a person committed a crime is a complete defense to claims of . . . malicious prosecution" (*Fortunato v City of New York*, 63 AD3d 880, 880 [2009]; *see MacDonald v Town of Greenburgh*, 112 AD3d 586, 586 [2013]; *see also Savino v City of New York*, 331 F3d 63, 72 [2d Cir 2003]). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York*, 60 NY2d at 82; *see Sirlin v Town of New Castle*, 35 AD3d 713, 714-715 [2006]; *Jenks v State of New York*, 213 AD2d 513, 514 [1995]).

A grand jury indictment raises a presumption of probable cause (*see Colon v City of New York*, 60 NY2d at 82; *Williams v City of New York*, 114 AD3d at 853; *Chetrick v Cohen*, 52 AD3d 449, 450 [2008]; *Strange v County of Westchester*, 29 AD3d 676, 677 [2006]; *see also De Lourdes Torres v Jones*, 120 AD3d 572, 574 [2014], *lv granted* 24 NY3d 913 [2015]). However, the presumption may be rebutted by showing that the conduct of the police "deviated so egregiously from proper police activity as to indicate intentional or reckless" disregard for proper procedures (*Lee v City of Mount Vernon*, 49 NY2d 1041, 1043 [1980]; *see Haynes v City of New York*, 29 AD3d 521, 523 [2006]).

Here, the appellants met their initial burden of demonstrating, prima facie, that there was probable cause to arrest and prosecute Batten. The appellants submitted evidence that Batten was identified by an eyewitness to the crime and that the eyewitness appeared before the grand jury, which subsequently indicted Batten. The eyewitness was present in the store with both perpetrators for several minutes before the shooting and

observed the perpetrators again after the shooting as they ran past him on Flatbush Avenue. Although there were discrepancies between the eyewitness's description of Batten and Batten's appearance on the date of his arrest four days later, this did not negate the fact that the police had probable cause to arrest and prosecute Batten (*see Gisondi v Town of Harrison*, 72 NY2d 280, 285 [1988]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 287 [2003]; *Taylor v City of Mount Vernon*, 161 AD2d 631, 632 [1990]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether there was an egregious deviation from standard police practices and statutory requirements to rebut the presumption of probable cause (*see Williams v City of New York*, 114 AD3d at 854; *see e.g. Gisondi v Town of Harrison*, 72 NY2d 280, 284-285 [1988]; *Lee v City of Mount Vernon*, 49 NY2d at 1043; *Carthens v City of New York*, 168 AD2d 408 [1990]). While the "failure to make further inquiry when a reasonable person would have done so may be evidence of lack of probable cause" (*Fortunato v City of New York*, 63 AD3d at 880 [internal quotation marks omitted]; *see Carlton v Nassau County Police Dept.*, 306 AD2d 365, 366 [2003]), the mere failure to follow some leads does not amount to an egregious deviation from accepted practices or fraud (*see Gisondi v Town of Harrison*, 72 NY2d at 285; *Colon v City of New York*, 60 NY2d at 83; *Medina v City of New York*, 102 AD3d 101, 107 [2012]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 287; *DeFilippo v County of Nassau*, 208 AD2d 793, 794-795 [1994]; *Taylor v City of Mount Vernon*, 161 AD2d 631 [1990]). Police investigators "are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it" (*Gisondi v Town of Harrison*, 72 NY2d at 285; *see Colon v City of New York*, 60 NY2d at 83; *Lee v City of Mount Vernon*, 49 NY2d at 1043; *see also DeFilippo v County of Nassau*, 208 AD2d at 794-795). The police have not necessarily improperly concealed evidence every time a plaintiff is able to show that the police could have conducted further investigation (*see Gisondi v Town of Harrison*, 72 NY2d at 284-285).

Here, the plaintiffs seek to rebut the presumption of probable cause by relying on discrepancies and alleged missteps by the police. While the actions of the police in investigating this case were not infallible, the conduct of the police simply did not rise to a level that could be characterized as "egregious" (*see Gisondi v Town of Harrison*, 72 NY2d at 284-285; *Colon v City of New York*, 60 NY2d at 83; *Medina v City of New York*,

102 AD3d at 107). Batten was identified by the only eyewitness to the crime. Immediately following the crime, the police canvassed the surrounding location to determine if anyone else observed the perpetrators. Upon the eyewitness identifying Batten from a photo array, the police searched the records of the New York State Department of Corrections and Community Supervision and the New York City Department of Correction and ascertained that the defendant was not incarcerated on the date of the robbery. They spoke with Batten's godfather, who could only provide an alibi for Batten for a time subsequent to the crime. The police also performed a criminal background check on Khutorsky's employees and performed a comparison on the latent fingerprints found at the scene to the fingerprints of Batten and others. Moreover, the police followed up with a woman who had been in the furniture store before the robbery occurred, another employee, other surrounding shop owners, and the security guard at the school where Batten had been observed by his godfather after the shooting occurred. Thus, the police took a number of steps to further investigate the crime. Moreover, the information supplied by the confidential informant did not actually exonerate or otherwise exclude Batten, but rather raised the possibility of someone, conceivably in addition to Batten, being responsible for planning the robbery. Therefore, the existence of a lead regarding a possible additional suspect does little to diminish the probable cause created by the eyewitness identification of Batten as the person who actually shot Khutorsky. Further, the fact that the police turned over to federal immigration authorities, upon their request, another employee of the furniture store to whom they believed the confidential informant was referring cannot be deemed to have been an egregious departure from police protocol, given that there was insufficient evidence to detain that employee.

In light of our determination, we need not consider the parties' remaining contentions concerning the element of malice.

Since the cause of action alleging malicious prosecution should have been dismissed, the plaintiffs' claim for punitive damages also should have been dismissed (*see e.g. Nardelli v Stamberg*, 44 NY2d 500, 503 [1978]).

Accordingly, the Supreme Court should have granted those branches of the appellants' motion which were for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against them and the claim of punitive damages insofar as asserted against D'Elia, Krosofsky, Bostic, and Varrone. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.