15-3455-cv
*Bertuglia v. Schaffler*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand sixteen.

PRESENT:   DENNY CHIN,
                     SUSAN L. CARNEY,
                                *Circuit Judges*,
                     BRIAN M. COGAN,
                                *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT BERTUGLIA, JR., Individually and as
President of Laro Maintenance Corporation,
            *Plaintiff-Appellant*,

LARO MAINTENANCE CORPORATION,
            *Plaintiff-Counter-Defendant-Appellant*,

LARO SERVICE SYSTEMS, INC.,
            *Plaintiff-Counter-Defendant*

                     v.                                    15-3455-cv

---

            *      Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

JEFFREY SCHAFFLER, Port Authority Supervising Investigator,

*Defendant-Counter-Claimant-Appellee*,

CITY OF NEW YORK, ADA ELYSE RUZOW, ADA MICHAEL SCOTTO, BERNARD D'ALEO, Port Authority Contract Administrator, PORT AUTHORITY INVESTIGATORS JOHN DOES, #1-5 names and shield numbers whom are unknown at present, and other unidentified members of the Port Authority, PORT AUTHORITY INVESTIGATORS JANE DOES, # 1-5 names and shield numbers whom are unknown at present, and other unidentified members of the Port Authority,

*Defendants*,

ROBERT E. VAN ETTEN, Port Authority Inspector General, MICHAEL NESTOR, Port Authority Director of Investigations, EDWARD KENNEDY, Port Authority Investigative Manager, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, FRED FERRONE, Port Authority Forensic Auditor,

*Defendants-Counter-Claimants*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | JON L. NORINSBERG, Law Offices of Jon L. Norinsberg PLLC, New York, New York, *and* Scott A. Korenbaum, New York, New York, *on the brief*. |
| FOR DEFENDANT-APPELLEE: | KATHLEEN GILL MILLER (Sajaa Ahmed, *on the brief*), The Port Authority of New York and New Jersey, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Laro Maintenance Corporation ("Laro") and its president, Robert Bertuglia, Jr.,[1] appeal from a judgment of the district court entered September 30, 2015, to the extent it granted summary judgment in favor of defendant-counter-claimant-appellee Jeffrey Schaffler[2] on their malicious prosecution, fair trial, and conspiracy claims. The district court explained its reasoning in an opinion and order filed September 29, 2015. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In December 2004, Laro entered into a $24 million contract to provide cleaning services at the Port Authority Bus Terminal from January 1, 2005 to December 31, 2007. The contract required that certain cleaning equipment be in "new and unused condition" at the start of the contract term. J. App. at 166. The cost of the new equipment was to be offset by a charge built into Laro's hourly rate over the course of the contract. Laro failed to purchase two pieces of cleaning equipment that were required at the start of the contract term; nevertheless, Laro billed the full hourly rate

---

[1]     The district court action was filed by Bertuglia, Laro, and Laro Service Systems; plaintiffs' opening brief, however, references only Bertuglia and Laro.

[2]     Plaintiffs' opening brief does not specify whether they appeal the grant of summary judgment in favor of all or only certain defendants. Defendants' opposition brief suggests that plaintiffs "appeal only as to the Port Authority and Jeffrey Schaffler." Appellee's Br. at 1. Plaintiffs' reply brief names Schaffler as the sole appellee. Accordingly, we construe plaintiffs' appeal as pursuing claims against only Schaffler.

each month.  By the time the contract ended, the Port Authority had paid Laro at least $153,000 for use of the two pieces of cleaning equipment that had not been purchased.

In March 2007, Schaffler, an investigator with the Port Authority, informed Assistant District Attorney ("ADA") Michael Scotto that the Port Authority was investigating Bertuglia and Laro for overbilling.  In May 2007, the New York County District Attorney's Office (the "DA's Office") opened a criminal investigation into Bertuglia and Laro, led by ADA Elyse Ruzow.

In August 2008, a grand jury indicted Bertuglia and Laro on charges of grand larceny in the second degree, offering false instruments for filing, and falsifying business records.  The Supreme Court, New York County (Zweibel, *J.*), dismissed the indictment as to Bertuglia after finding that the evidence against him was legally insufficient, and the DA's Office thereafter dropped the charges against Laro.  In April 2009, the grand jury again indicted Bertuglia and Laro for grand larceny in the second degree, but the second indictment was also dismissed as to both Bertuglia and Laro for, *inter alia*, legally insufficient evidence.

On March 29, 2011, Bertuglia and Laro filed a complaint in the district court against numerous defendants, including Schaffler, alleging claims of, *inter alia*, false arrest, malicious prosecution, denial of the constitutional right to a fair trial, and conspiracy to violate civil rights under 42 U.S.C. § 1983.  Plaintiffs filed an amended complaint on July 1, 2011.  On March 19, 2012, the district court granted in part motions

4

to dismiss by the defendants; certain of plaintiffs' claims against Schaffler, including malicious prosecution, deprivation of the right to a fair trial, and conspiracy, survived.

On October 17, 2014, plaintiffs moved for partial summary judgment on their malicious prosecution claim against Schaffler, and on November 21, 2014, Schaffler cross-moved for summary judgment dismissing plaintiffs' remaining claims.[3] In a detailed memorandum and order entered September 29, 2015, the district court denied plaintiffs' motion for partial summary judgment and granted summary judgment to Schaffler and all other defendants on plaintiffs' remaining claims. Plaintiffs filed this timely appeal.[4]

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

---

[3] The other remaining defendants also moved for summary judgment as to all of plaintiffs' claims.

[4] On appeal, Bertuglia and Laro contend that the district court erred in granting summary judgment in favor of Schaffler on plaintiffs' malicious prosecution, fair trial, and conspiracy claims. Because plaintiffs do not challenge the grant of summary judgment in favor of the other Port Authority employee defendants, ADA defendants, or the City of New York, they have abandoned those claims. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

1.    <u>Malicious Prosecution</u>

Under New York law, to succeed on their malicious prosecution claim, Bertuglia and Laro had to establish: "(1) the initiation or continuation of a criminal proceeding against plaintiff[s]; (2) termination of the proceeding in plaintiff[s'] favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation marks omitted).

The grand jury indictments returned against Bertuglia and Laro create a presumption of probable cause that is fatal to their malicious prosecution claims. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ." *Id.* at 161-62. Under New York law, a grand jury indictment "creates a presumption of probable cause that can only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police or other police conduct undertaken in bad faith." *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (internal quotation marks omitted).

Plaintiffs have proffered no facts from which a reasonable jury could infer that the indictment was the product of fraud, perjury, the suppression of evidence, or other bad faith conduct on the part of Schaffler. In the voluminous record in this case, plaintiffs point to three statements made by Schaffler to ADA Ruzow that they contend are false and evidence bad faith that rebuts the presumption of probable cause: Schaffler purportedly told Ruzow that (1) plaintiffs knowingly overbilled the Port

6

Authority, (2) Bertuglia was a "thief" and a "crook" who "stole a lot of money," J. App. at 646-47, 1631-33, and (3) Robert Kolakowski, Laro's onsite manager at the Port Authority, complained to Bertuglia about the lack of new cleaning equipment.

As an initial matter, Laro in fact billed the Port Authority for equipment it never purchased, and so Schaffler's statements were undisputedly true as to that fact. While Schaffler allegedly went further in his statements to the DA's Office, accusing plaintiffs of stealing and knowingly overbilling, plaintiffs point to no record evidence that those statements reached the grand jury. *See Rothstein v. Carriere*, 373 F.3d 275, 283-85, 290 (2d Cir. 2004) (rejecting view that "a person who falsely tells the police that someone has committed a felony may be liable for malicious prosecution no 'matter what goes on before the grand jury'" and adopting view that "unless the plaintiff can demonstrate that the proceedings before the grand jury were tainted, an indictment extinguishes the claim"). Moreover, the statements that Bertuglia was a thief and a crook who stole money clearly were statements of opinion that lacked evidentiary value. Without more, the district court correctly concluded that a jury could not find that "the grand jury was defrauded or that its integrity was undermined" by Schaffler's

7

conduct such that the presumption of probable cause was overcome.[5]  Special App. at 32.

Furthermore, the dismissals of the indictments due to legally insufficient evidence did not vitiate the presumption of probable cause created by the indictments. The New York Court of Appeals has observed that

> [t]he rule in New York differs . . . from that in some jurisdictions which permit the presumption to be overcome by any evidence tending to show the absence of probable cause.  In this State, the trial court may not weigh the evidence upon which the police acted or which was before the Grand Jury after the indictment has issued.

*Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983).  The *Colon* court held, *inter alia*, that even the District Attorney's dismissal of an indictment did not overcome the presumption because it "constituted no more than an admission that the People lacked evidence to establish a prima facie case of guilt." *Id.* at 84.  Accordingly, we decline to assess whether the prosecution lacked evidence to establish a prima facie case of grand larceny in the second degree and conclude that plaintiffs have failed to rebut the presumption of probable cause.

---

[5]       The state court judge who dismissed the indictments expressed serious concerns about misconduct engaged in by the prosecution when presenting the case to the grand jury. We do not take those concerns lightly.  Nonetheless, although prosecutorial misconduct during grand jury proceedings can provide a basis for rebutting the presumption of probable cause created by an indictment, we agree with the district court that the misconduct at issue in this case does not meet the standard set forth by the New York Court of Appeals in *Colon v. City of New York*: "The presumption may be overcome *only* by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith."  60 N.Y.2d 78, 82-83 (1983) (emphasis added).

Plaintiffs contend that the Court of Appeals' recent decision in *De Lourdes Torres v. Jones*, 26 N.Y.3d 742 (2016), changes the result. We are not persuaded. The *De Lourdes Torres* court held that summary judgment in favor of the defendants was inappropriate where there was evidence that the defendants falsified a confession from the plaintiff and forwarded it to the District Attorney's office to prosecute the plaintiff. *De Lourdes Torres*, 26 N.Y.3d at 767. The court held that such evidence of bad faith conduct, if credited, could "rebut the presumption of probable cause . . . by demonstrating that the evidence of guilt relied upon by the defendant was so scant that the prosecution was entirely baseless and maliciously instituted." *Id.* at 761. To the extent there was misconduct in the present case, it did not rise to the level of fabricating a confession.

Thus, because we agree with the district court's conclusion that a reasonable jury could not find that the prosecution here lacked probable cause, we affirm the dismissal of the malicious prosecution claim.

2. Fair Trial

We next turn to plaintiffs' § 1983 claim for denial of the constitutional right to a fair trial due to fabrication of evidence. A law enforcement officer denies a defendant a fair trial when he creates "false information likely to influence a jury's decision and forwards that information to prosecutors." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). In *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 275 (2d Cir. 2016), we clarified that *Ricciuti* applies just "as much to a situation where, as

9

here, the falsified information was the officer's account, conveyed to prosecutors, of what he heard the defendant say or do during the alleged offense." We also cautioned that the same limiting principles encompassed by the *Ricciuti* standard apply -- namely, that the evidence must be likely to influence a jury's decision. *Id.* at 279-80.

As discussed above, Schaffler's opinions about Bertuglia and Laro's potential wrongdoing did not constitute evidence. Furthermore, Schaffler's accusation that Bertuglia was a thief who had knowingly overbilled could not have been introduced into evidence without some foundation, and the only foundation provided by Schaffler was his statement that Kolakowski complained to Bertuglia about the lack of new cleaning equipment. Even if somehow admissible, Schaffler's hearsay account of Kolakowski's conversation with Bertuglia would not have been material at trial because a jury would have been able to hear directly from Kolakowski himself. Thus, drawing all inferences in their favor, plaintiffs fail to raise a triable fact issue as to whether Schaffler created false information that was likely to influence a jury's decision.

3.    Conspiracy

Finally, we agree with the district court's grant of summary judgment on plaintiffs' conspiracy claim. To the extent plaintiffs argue that Schaffler and Ruzow agreed to deprive plaintiffs of their liberty by maliciously prosecuting them and denying them the right to a fair trial, we have already determined that a jury could not decide in favor of plaintiffs on either claim. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110,

10

119 (2d Cir. 1995) ("[A § 1983 conspiracy claim] will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right.").

We have considered all of plaintiffs' remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11