Santos v City of New York (2018 NY Slip Op 03458)





Santos v City of New York


2018 NY Slip Op 03458


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6535 301899/13

[*1]Armando Santos, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Sim & Record, LLP, Bayside (Sang J. Sim of Counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Max O. McCann of counsel), for respondents.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered January 9, 2017, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment and for leave to amend the complaint, unanimously affirmed, without costs.
Dismissal of the claims alleging false arrest, false imprisonment, assault and battery was proper since defendants established that the warrantless arrest was based upon probable cause to believe that plaintiff committed the subject burglary. Plaintiff's DNA was discovered on a crowbar left at the crime scene, and the victim stated that she neither knew plaintiff nor authorized him to enter her apartment (see e.g. People v Ainsley, 132 AD3d 1007 [2d Dept 2015], lv denied 26 NY3d 1142 [2016]). While the Office of the Medical Examiner reported that a mixture of DNA had been recovered from the crowbar, it determined the most likely DNA profile of the major male contributor, and that profile matched defendant's DNA profile, which was included in this state's data base due to a prior conviction.
The claim for malicious prosecution was also not viable. The grand jury's indictment created a presumption of probable cause, which could be overcome only with a showing that it was produced by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith (see Colon v City of New York, 60 NY2d 78, 82-83 [1983]).
Leave to amend the complaint to further allege that probable cause was lacking would have been futile (see Triad Intl. Corp. v Cameron Indus., Inc., 122 AD3d 531, 532 [1st Dept 2014]).
We have considered plaintiff's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK