Makropoulos v City of New York (2020 NY Slip Op 05738)





Makropoulos v City of New York


2020 NY Slip Op 05738


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2016-11425 
2017-03112
 (Index No. 10691/14)

[*1]Charles Makropoulos, appellant,
v
City of New York, respondent.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Tahirih M. Sadrieh of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 21, 2016, and (2) an order of the same court entered February 2, 2017. The order entered September 21, 2016, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and malicious prosecution. The order entered February 2, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his opposition to those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and malicious prosecution.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
On August 14, 2012, the plaintiff was arrested during a "buy-and-bust" operation after an undercover police officer engaged him in conversation and an exchange of money for narcotics took place between them. The plaintiff was charged with one count of criminal sale of a controlled substance, and was released on bail on August 16, 2012. On August 30, 2012, the plaintiff was arrested on an unrelated charge of criminal possession of a controlled substance in the seventh degree, pleaded guilty to that charge on September 6, 2012, and was sentenced to 30 days' incarceration. On September 28, 2012, while incarcerated for that unrelated crime, he pleaded guilty to another unrelated crime of petit larceny for which he had been arrested in May 2012 and was sentenced to 45 days' incarceration. On November 7, 2012, while incarcerated on those unrelated matters, he was indicted by a grand jury for the criminal sale of a controlled substance charge and re-arraigned on November 19, 2012. Unable to re-post bail, the plaintiff remained incarcerated until July 1, 2013, when the charge of criminal sale of a controlled substance was dismissed following a nonjury trial.
On September 12, 2013, the plaintiff filed a notice of claim against the defendant, [*2]City of New York, for, among other things, damages for false arrest, false imprisonment, and malicious prosecution arising out of the charges dismissed on July 1, 2013. On or about July 16, 2014, the plaintiff commenced this action. After issue was joined, the defendant moved, inter alia, for summary judgment dismissing the complaint. The plaintiff opposed. In an order entered September 21, 2016, the Supreme Court granted the defendant's motion. Subsequently, the plaintiff moved, inter alia, for leave to renew his opposition to the defendant's motion. In an order entered February 2, 2017, the court denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals from so much of the order entered September 21, 2016, as directed dismissal of the causes of action alleging false arrest, false imprisonment, and malicious prosecution, and from so much of the order entered February 2, 2017, as denied that branch of his motion which was for leave to renew.
We agree with the Supreme Court's determination that the plaintiff's causes of action alleging false arrest and false imprisonment are barred by his failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e(1)(a) (see Williams v City of New York, 153 AD3d 1301, 1305). The 90-day period for serving a notice of claim on a municipality in an action to recover damages for false arrest and false imprisonment commences upon the claimant's release from custody (see Bellissimo v Mitchell, 122 AD3d 560, 560; Jackson v Police Dep't of the City of NY, 119 AD2d 551, 552). Here, as the plaintiff was released on bail on August 16, 2012, and a condition precedent to suit is not a time limitation that can be tolled (see Matter of Herman v Village of Chester, 125 AD2d 469, 470), the plaintiff's notice of claim served upon the defendant in September 2013, was beyond the expiration of the 90-day period prescribed by statute with respect to the causes of action alleging false arrest and false imprisonment.
We also agree with the Supreme Court's determination to direct dismissal of the cause of action alleging malicious prosecution. "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice" (De Lourdes Torres v Jones, 26 NY3d 742, 760 [internal quotation marks omitted]; see Batten v City of New York, 133 AD3d 803, 805). "'Probable cause to believe that a person committed a crime is a complete defense to claims of . . . malicious prosecution'" (Batten v City of New York, 133 AD3d at 805, quoting Fortunato v City of New York, 63 AD3d 880, 880). "Once a suspect has been indicted, however, the indictment creates a presumption of probable cause to believe that the suspect committed the crime" (Chetrick v Cohen, 52 AD3d 449, 450; see Batten v City of New York, 133 AD3d at 805). This presumption may be rebutted by a showing that "the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (Colon v City of New York, 60 NY2d 78, 83; see Batten v City of New York, 133 AD3d at 805). Here, the plaintiff failed to rebut the presumption of probable cause raised by the grand jury indictment.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of his motion which was for leave to renew (see Vines v City of New York, 155 AD3d 920, 921). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 982; Renna v Gullo, 19 AD3d 472, 473). Here, the plaintiff failed to provide reasonable justification for the failure to include the transcripts from his criminal trial in opposition to the defendant's motion for summary judgment and, in any event, we agree with the court's determination that his submissions in support of renewal would not have changed its prior determination.
In light of our determination, we need not consider the parties' remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court