16-1803
*Carolyne Rios v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand seventeen.

Present:
        ROBERT A. KATZMANN,
           *Chief Judge*,
        DENNIS JACOBS,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges*.

---

CAROLYNE RIOS,

     *Plaintiff-Appellant*,

        v.                     No. 16-1803

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE CHRISTOPHER ZAPATA, SHIELD NO. 4835, POLICE OFFICER KNOWN AS "UNDERCOVER OFFICER" #177, POLICE OFFICER KNOWN AS "UNDERCOVER OFFICER" #0026, SERGEANT CHRISTOPHER JONES, DETECTIVE ANTHONY VIDOT, SHIELD NO. 2555, DETECTIVE AYALA, DETECTIVE GONZALEZ, DETECTIVE THOMPSON, SERGEANT DONALD MORGAN,

*Defendants-Appellees*,

MICHELLE WARREN, NEW YORK COUNTY
ASSISTANT DISTRICT ATTORNEY, POLICE
OFFICERS JOHN DOE, 1-5, POLICE OFFICERS
JANE DOE, 1-5,

        *Defendants*. [1]

_____

| | |
|---|---|
| For Plaintiff-Appellant: | STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, NY. |
| For Defendants-Appellees: | ANTONELLA KARLIN, Assistant Corporation Counsel, Of Counsel, Susan Greenberg, Of Counsel (*on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

_____

      Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

      Plaintiff Carolyne Rios appeals the order of the United States District Court for the Southern District of New York (Forrest, *J.*), entered on May 17, 2016, granting summary judgment to defendants. We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal.

      "We review *de novo* a district court's grant of summary judgment," *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016), affirming where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, Rios appeals the district court's grant of summary judgment to defendants on her claim of

---

[1] The Clerk of Court is respectfully directed to amend the caption to conform with the above.

malicious prosecution. "In order to prevail on [a malicious prosecution] claim under both Section 1983 and New York State law, a plaintiff is required to demonstrate: (i) the commencement or continuation of a criminal proceeding against her; (ii) the termination of the proceeding in her favor; (iii) 'that there was no probable cause for the proceeding'; and (iv) 'that the proceeding was instituted with malice.'" *Mitchell*, 841 F.3d at 79 (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)); *see Torres v. Jones*, 47 N.E.3d 747, 760 (N.Y. 2016).

"Probable cause, in the context of malicious prosecution, has . . . been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). "'[A] grand jury indictment gives rise to a presumption that probable cause exists and a claim for malicious prosecution . . . thereby is defeated.'" *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (alteration and omission in original) (quoting *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006)). "[T]he presumption may be rebutted by evidence of various wrongful acts on the part of police: 'If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *McClellan*, 439 F.3d at 145 (quoting *Colon v. City of New York*, 455 N.E.2d 1248, 1251 (N.Y. 1983)). "[I]t is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." *Savino v. City of New York*, 331 F.3d 63, 73 (2d Cir. 2003).

In the instant case, Rios was arrested after being indicted by a grand jury, and she has not provided evidence sufficient to raise a triable issue of fact on the question of whether the indictment was procured through bad faith conduct. Further, even assuming *arguendo* that

3

probable cause could dissipate after the grand jury indictment had been filed, and that the link between the police officers' conduct and the continued prosecution of Rios was not broken by the prosecutor's exercise of independent judgment, the defendant police officers would be entitled to qualified immunity. "Police officers are shielded from suit under § 1983 so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dancy v. McGinley*, 843 F.3d 93, 106 (2d Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "Moreover, if '"officers of reasonable competence could disagree" on the legality of the action at issue in its particular factual context,' the officer is entitled to qualified immunity." *Id.* (quoting *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007)). "In other words, 'qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."'" *Id.* (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam)).

"Freedom from malicious prosecution is a constitutional right that has long been clearly established." *Kinzer*, 316 F.3d at 143. However, in the instant case, the "defendant officers' probable cause determination was objectively reasonable." *Betts v. Shearman*, 751 F.3d 78, 83 (2d Cir. 2014). In light of the similarities between the appearances of Rios and "JD Paw" (the name given by the police to the female participant in the relevant gun sale), as well as Rios's prior connection to co-defendant Sentell Smith, it would not have been unreasonable for an officer to form the belief that probable cause supported Rios's prosecution, even after her arrest. Consequently, we find that defendants are entitled to qualified immunity, and we affirm the district court's grant of summary judgment to defendants on Rios's malicious prosecution claim.

4

Second, Rios appeals the district court's grant of summary judgment to defendants on her claim of abuse of process. "[A] malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). Here, Rios has provided insufficient evidence to create a triable issue of material fact as to whether defendants, in prosecuting Rios, sought "to obtain a collateral objective." *Id.* Further, the defendant police officers are "entitled to summary judgment on qualified immunity grounds with respect to" the abuse of process claim. *Savino*, 331 F.3d at 78. As a result, we affirm the district court's grant of summary judgment to defendants on Rios's abuse of process claim.

We have considered all of Rios's remaining arguments and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5