104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Judith SCHWIMMER, Plaintiff-Appellant,
v.
GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 No. 96-7510.
 United States Court of Appeals, Second Circuit.
 Nov. 18, 1996.
 
 Shmuel Duvid Taub, Brooklyn, New York Robert D. Meade, Bleakley, Platt & Schmidt White Plains, New York
 Before FEINBERG, WALKER, and CABRANES, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Sweet, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-appellant Judith Schwimmer, also known as Judy Goldfinger, appeals from the district court's grant of summary judgment to defendant Guardian Life Insurance Company of America ("Guardian"). Schwimmer argues that the district court overlooked issues of material fact in granting summary judgment to Guardian on her claim of malicious prosecution.
 
 
 3
 This action results from a meeting between Guardian and Joanne Siegmund, a New York County District Attorney. At this meeting, Guardian informed Siegmund of its suspicion that a Guardian employee, Lorraine Calderazzo, had participated in criminal activity implicating Schwimmer. The criminal activity involved overcharging Guardian for business and computer forms it ordered from the company that employed Schwimmer.
 
 
 4
 The District Attorney's Office contacted Calderazzo, who admitted her participation in the criminal activity. Calderazzo's testimony before the grand jury indicated that Schwimmer gave her cash and gifts for placing orders with Schwimmer. At the request of the District Attorney's Office, Calderazzo recorded several conversations with Schwimmer. In these conversations, Schwimmer made several incriminating statements and suggested that Calderazzo join Schwimmer in obstructing the District Attorney's investigation by making false statements. After reviewing documentation of the questionable transactions, the recorded conversations, and Calderazzo's testimony, the grand jury returned an indictment against Schwimmer for conspiracy to commit fraud, grand larceny, perjury, criminal possession of stolen property, and commercial bribery.
 
 
 5
 The tapes of the conversations between Schwimmer and Calderazzo were suppressed at Schwimmer's state criminal trial. See People v. Goldfinger, 149 Misc.2d 765, 771 (N.Y.Sup.Ct.1991). However, the same court ruled that the tapes were properly admitted in the grand jury proceedings. Schwimmer was acquitted at her trial. Not content with her acquittal, Schwimmer instituted this action against Guardian alleging two claims: for deprivation of her civil rights under 42 U.S.C. § 1983 and for malicious prosecution. The district court permitted Schwimmer to amend her complaint to abandon her § 1983 claim, retained supplemental jurisdiction over the remaining malicious prosecution claim, and granted summary judgment to Guardian on the malicious prosecution claim.
 
 
 6
 We review the district court's grant of summary judgment de novo to determine whether a genuine issue of material fact exists and whether the defendants are entitled to judgment as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). We draw all reasonable inferences in the light most favorable to the nonmoving party. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir.1994).
 
 
 7
 The elements of an action for malicious prosecution are "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." Colon v. City of New York, 60 N.Y.2d 78, 82 (1983). We agree with the district court's determination that Schwimmer's claim does not satisfy the first element of a malicious prosecution claim. Guardian did not initiate the proceeding against Schwimmer and is therefore not liable for malicious prosecution.
 
 
 8
 Guardian reported its suspicions to the District Attorney's Office, who independently assessed the evidence and decided to initiate criminal proceedings against Schwimmer. Schwimmer argues that Guardian's failure to inform the District Attorney's Office of the results of Guardian's internal investigation of its purchasing system resulted in the improper continuation of Schwimmer's prosecution. However, Schwimmer provides no evidence that Guardian, in so doing, left the District Attorney's Office with evidence that was "maliciously false." White v. Frank, 855 F.2d 956, 962 (2d Cir.1988).
 
 
 9
 The District Attorney's Office, and not Guardian, made the decision to prosecute and continue the prosecution. Independent of Guardian, the District Attorney's Office developed compelling evidence of criminal activity involving Schwimmer. Thus, the district court properly granted summary judgment in Guardian's favor.
 
 
 10
 We have considered Schwimmer's other contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.