Tikapersaud **RAMASHWAR**,
Plaintiff–Appellant,

v.

The **CITY OF NEW YORK**, Police Officer Otto Espinosa and Police Officer Vincent Finnegan, Defendants–Appellees.[1]

No. 06–0606–cv.

United States Court of Appeals,
Second Circuit.

May 3, 2007.

1. We direct the Clerk of Court to amend the caption as listed in this order.

Fred Lichtmacher, New York, NY, for appellant.

Susan B. Eisner, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristin M. Helmers, Susan B. Scharfstein, on the brief), New York, NY, for appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. NANCY GERTNER, District Judge.*

---

* The Honorable Nancy Gertner, United States District Judge of the United States District

## SUMMARY ORDER

Plaintiff-appellant Tikapersaud Ramashwar appeals from the January 6, 2006 judgment of the United States District Court for the Southern District of New York (Peck, M.J.), granting defendants-appellees' motions for summary judgment on plaintiff's malicious prosecution claim under 42 U.S.C. § 1983. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Reviewing the summary judgment determination *de novo, see Savino v. City of New York,* 331 F.3d 63, 71 (2d Cir.2003), and "construing the facts in the light most favorable to the nonmoving party," *Tocker v. Philip Morris Cos., Inc.,* 470 F.3d 481, 486 (2d Cir.2006), we find no error in the district court's determination that plaintiff could not overcome the presumption of probable cause created by plaintiff's indictment. While we agree that Ramashwar has raised some questions of fact, these facts would merely "tend[ ] to show the absence of probable cause." *Colon v. City of New York,* 60 N.Y.2d 78, 83, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983). The New York Court of Appeals has explicitly held that more is required: "If [a] plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith." *Id.* Ramashwar has not offered sufficient evidence to permit a reasonable factfinder to resolve this issue in his favor. The district court's grant of summary judgment was therefore appropriate.

We also find that because Federal Rule of Civil Procedure "6(b)(1) gives the court

Court for the District of Massachusetts, sitting by designation.

**28**

wide discretion to grant a request for additional time," the district court did not abuse its discretion when it extended the briefing schedule by only a week. 4B Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1165 (2002); *see also Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984) (applying abuse of discretion standard to Rule 6(b)(2)). While plaintiff claims the district court's refusal to grant a two-month extension resulted in his counsel's inability to, *inter alia,* "fully prepare and acquire all the necessary documents and transcripts of the case file," he has not demonstrated anything in the record that suggests he presented these concerns to the district court. Instead, in the piecemeal transcripts he has provided us on appeal, plaintiff's counsel asked for the extension because of his own trial schedule and not the potential evidentiary problems he inherited from plaintiff's former counsel. He stated to the court, moreover, that the one-week extension, while not ideal, "gives me time to take care of this motion." We accordingly find no merit to plaintiff's argument here.

For the reasons stated herein, we affirm the judgment of the district court.