16-4219
*Kanciper v. Lato*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand seventeen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
JOHN M. WALKER, JR.,
GUIDO CALABRESI,
*Circuit Judges*.

———————————————————

MONA KANCIPER,

    *Plaintiff-Appellant*,

      v.                                                                 No. 16-4219

LEONARD LATO, Individually, THOMAS J. SPOTA, III, Individually, and in his official capacity,

    *Defendants-Appellees*.

———————————————————

| | |
|---|---|
| For Plaintiff-Appellant: | ALAN EDWARD SASH (Steven J. Hyman, *on the brief*), McLaughlin & Stern, LLP, New York, NY. |
| For Defendant-Appellee Leonard Lato: | JOSEPH R. CONWAY, LaRusso, Conway & Bartling LLP, Mineola, NY. |

For Defendant-Appellee Thomas J. Spota, III:       BRIAN C. MITCHELL, Assistant County Attorney, Suffolk County District Attorney's Office, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Mona Kanciper appeals from a judgment of the district court (Feuerstein, *J.*) granting summary judgment to defendants-appellees Leonard Lato and Thomas J. Spota, III on all of her claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We affirm the judgment of the district court.

The following facts are undisputed. Kanciper owns and operates a horse farm on Long Island (the "Farm"). In late 2009, the Suffolk County Society for the Prevention of Cruelty to Animals ("SPCA") received complaints alleging that Kanciper was abusing animals on the Farm. Although an SPCA officer saw no signs of abuse when he visited the Farm in December 2009, he thereafter collected written statements from several complainants alleging multiple instances of abuse between November 2008 and February 2010, including incidents in which Kanciper euthanized horses and dogs, in one case in front of a child, and buried those animals on the Farm.

In late February 2010, the SPCA contacted the Case Advisory Bureau ("CAB") within the Suffolk County District Attorney's Office (the "DA's Office") seeking a warrant to search the Farm, but the CAB twice declined the SPCA's request. Shortly thereafter, the SPCA approached Lato, the bureau chief of the Insurance Crimes Bureau in the DA's Office, and again sought a warrant. Lato initially indicated that more recent information was required to obtain a

2

warrant. The SPCA collected an additional written statement and presented it to Lato, who then drafted the materials for a warrant to search the Farm. On March 18, 2010, a magistrate issued a warrant to search the Farm for evidence of cruelty to animals, in violation of New York Agriculture and Markets Law §§ 353 and 353-a, and endangering the welfare of a child, in violation of New York Penal Law § 260.10(1). SPCA officers executed the warrant on March 20, 2010. Lato was present at the Farm during the search, in part because he personally delivered the warrant application needed to obtain a "piggyback" warrant to search Kanciper's home. According to Lato, Spota, then the Suffolk County district attorney, became aware of the investigation of Kanciper at the time of, or shortly after, the search of the Farm.

A grand jury indicted Kanciper for three counts of animal cruelty and two counts of endangering a minor. Following a bench trial, Kanciper was convicted of one count of endangering a minor, for "inject[ing] a dog with a tranquilizer in the presence of a child." *People v. Kanciper*, 954 N.Y.S.2d 146, 147 (N.Y. App. Div. 2012). However, the New York Supreme Court, Appellate Division reversed the judgment of conviction and dismissed the indictment, concluding that "the evidence supporting the defendant's conviction was not legally sufficient." *Id.*

After filing suit against members of the SPCA, Kanciper initiated this action, asserting claims against Lato and Spota under 42 U.S.C. § 1983, as well as state law claims for malicious prosecution and abuse of process. In an order and judgment dated December 1, 2016, the district court granted summary judgment to Lato and Spota and dismissed all of Kanciper's claims. This appeal followed.

"We review *de novo* a district court's grant of summary judgment, 'construing the evidence in the light most favorable to the non-moving party and drawing all reasonable

3

inferences in its favor.'" *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (quoting *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011)). "To defeat summary judgment[,] non-moving parties must do more than simply show that there is some metaphysical doubt as to the material facts and they may not rely on conclusory allegations or unsubstantiated speculation." *Bermudez v. City of New York*, 790 F.3d 368, 373–74 (2d Cir. 2015) (internal quotation marks omitted).

To prevail on a claim under § 1983, a plaintiff must prove that the conduct at issue was "committed by a person acting under color of state law" and "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Kanciper argues that there is a genuine dispute of material fact as to whether Lato, by preparing the warrant materials and by participating in the search of the Farm, deprived her of her rights under the Fourth Amendment. We disagree.

First, we reject Kanciper's argument that Lato orchestrated the search of the Farm without probable cause. We have noted that a "magistrate's finding of probable cause is entitled to substantial deference," *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983), and that, "[w]ith respect to a challenge to the probable-cause determination, the duty of a court reviewing the validity of a search warrant is 'simply to ensure that the magistrate had a substantial basis for concluding' that probable cause existed." *United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) (quoting *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983)). We conclude that the witness statements compiled by the SPCA provided such a basis, and Kanciper does not rebut this conclusion. Rather, she argues that the magistrate's finding of probable cause resulted from material omissions in the warrant materials that Lato prepared. However, in order to establish

4

that a warrant was issued on the basis of faulty information, one must show that the faulty information was "necessary to the finding of probable cause." *Id.* at 326. Kanciper fails to meet this requirement because the purported omissions that she identifies are either unsupported by the record or immaterial to a determination of whether there was probable cause to search the Farm.

Second, we reject Kanciper's argument that Lato conducted the search in a manner that was unreasonable under the Fourth Amendment because none of the actions that she identifies suffices to establish a constitutional violation. Evidence bearing on Lato's state of mind, such as an attempt to conceal his conduct, is irrelevant to Fourth Amendment reasonableness where, as here, the search is objectively reasonable. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011). So too is evidence that the search of the Farm violated the DA's Office's policies or involved the SPCA beyond its prescribed role. *See United States v. Wilson*, 699 F.3d 235, 243 (2d Cir. 2012) ("[T]he Fourth Amendment does not generally incorporate local statutory or regulatory restrictions on seizures and . . . the violation of such restrictions will not generally affect the constitutionality of a seizure supported by probable cause."). Further, Kanciper cannot show that Lato's alleged participation in the search amounted to a constitutional violation because she does not dispute that Lato "directly aided in the execution of the warrant," which a third party is permitted to do during a search. *Wilson v. Layne*, 526 U.S. 603, 611 (1999).

Accordingly, because Kanciper can show neither that the search of the Farm was conducted without probable cause nor that Lato caused the search to be conducted in an unreasonable manner, Kanciper has not established evidence of a Fourth Amendment violation arising out of the search. Her § 1983 claim against Lato was therefore properly dismissed. The failure to establish an underlying deprivation of her rights is also fatal to her § 1983 claim

5

against Spota, which is based on a theory of supervisor liability. *See Blyden v. Mancusi*, 186 F.3d 252, 265 (2d Cir. 1999) ("[F]or a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation.").

To prevail on her claim for malicious prosecution under New York law, Kanciper must establish, among other things, "that there was no probable cause for the proceeding." *Mitchell*, 841 F.3d at 79 (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)). But "[w]here, as here, a grand jury indicted the plaintiff on the relevant criminal charge, New York law creates a presumption of probable cause that can only be overcome by evidence that the indictment 'was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith.'" *Bermudez*, 790 F.3d at 377 (quoting *Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000)). "[I]t is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." *Savino v. City of New York*, 331 F.3d 63, 73 (2d Cir. 2003).

Kanciper fails to carry this burden because she puts forth no evidence showing that the grand jury that indicted her was presented with, much less relied upon, evidence that was wrongfully obtained, misrepresented, or otherwise improper. *See Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004) ("The burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially.'" (quoting *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983))). Her contention that the subsequent reversal of her conviction on appeal for insufficient evidence should rebut the presumption is unavailing, since a failure of proof beyond a reasonable doubt at trial does not reflect the insufficiency of evidence presented in support of the indictment.

Moreover, that contention is unsupported by New York law. *Cf. Colon*, 455 N.E.2d at 1251 (concluding that a district attorney's motion to dismiss an indictment, which amounted to "an admission that the People lacked evidence to establish a prima facie case of guilt," did not rebut the presumption of probable cause). Thus, the district court properly dismissed the malicious prosecution claim against Lato and Spota.

The district court properly dismissed Kanciper's abuse of process claim against Lato as well. Under New York law, an "abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). We conclude that Kanciper failed to put forth evidence establishing a "collateral objective" for her prosecution. The mere fact that Lato was friends with some SPCA members, without more, does not demonstrate that Lato pursued the investigation against Kanciper to further those friendships. Moreover, Kanciper has not presented evidence "sufficient to support an inference that the process was being perverted" in order to achieve an end besides her criminal conviction. *Bd. of Ed. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889*, 343 N.E.2d 278, 283 (N.Y. 1975).

We have considered all of the parties' contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7