21-2648-cv
*Ward v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-two.

PRESENT:  GUIDO CALABRESI,
JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
            *Circuit Judges.*

---

JAMES P. WARD,

             *Plaintiff-Appellant,*                    21-2648-cv

        v.

UNITED STATES OF AMERICA,

             *Defendant-Appellee,*

MIANKANZE BAMBA,

             *Defendant.*

---

FOR PLAINTIFF-APPELLANT:        STEVEN M. WARSHAWSKY, The
                                 Warshawsky Law Firm, Mount Kisco,
                                 NY.

FOR DEFENDANT-APPELLEE:         ANTHONY J. SUN (Benjamin H. Torrance,
                                 *on the brief*), Assistant United States
                                 Attorneys, *for* Damian Williams, United

States Attorney for the Southern District
of New York, New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff James Ward was a supervisor working for the Federal Protective Service of the U.S. Department of Homeland Security ("DHS"). Defendant Miankanze Bamba was a DHS financial analyst. On March 5, 2018, Ward and Bamba got into an argument about funding for a security project. According to the complaint, Bamba falsely accused Ward of threatening him with his firearm, implausibly claiming that Ward had "his left hand on a gun at his left side," even though Ward wears his firearm on his right side. Compl. ¶ 22. During the argument, Bamba called 911 and then attempted to call 911 a second time. The second time, Ward temporarily prevented Bamba from making the call by placing his finger on the receiver button. A witness to the argument informed two NYPD officers that Ward had not threatened Bamba, and that Bamba had a history of making false allegations against colleagues.

Special Agent Steven Familo was tasked with investigating the incident on behalf of DHS. Due to Familo's report, Ward was arrested. Familo filed a misdemeanor information alleging that Ward had committed menacing in the second degree, criminal mischief in the fourth degree, and menacing in the third degree. *See* N.Y. Penal Law §§ 120.14(1), 145.00(4)(a), 120.15. Bamba subsequently filed a superseding misdemeanor information alleging the same crimes. All charges were ultimately dismissed.

Ward alleges under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, that based on Familo's conduct the United States (the "Government") is liable for malicious prosecution and false arrest under New York law. Ward also alleges that Bamba is liable for malicious prosecution under New York law. The District Court dismissed Ward's claims against the Government for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and, after granting the Government's motion to substitute itself for Bamba, dismissed Ward's claims against Bamba. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's holdings on a motion to dismiss *de novo*, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). We may affirm dismissal "on a different basis from that relied on by the District Court." *Butcher v. Wendt*, 975 F.3d 236, 240 (2d Cir. 2020). While the

2

District Court dismissed for lack of jurisdiction under the FTCA, we resolve Ward's appeal on Rule 12(b)(6) grounds. *See Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 123 (2d Cir. 2020) ("[W]here a question of statutory (non-Article III) jurisdiction is complex and the claim fails on other more obvious grounds, this Court can assume hypothetical jurisdiction in order to dismiss on those obvious grounds.").

Ward does not state a malicious prosecution claim against the Government because he fails to plausibly allege "the absence of probable cause" for the arrest conducted by Familo. *De Lourdes Torres v. Jones*, 47 N.E.3d 747, 760 (N.Y. 2016) (citation omitted). Ward alleges that Bamba during the investigation accused Ward of having "his left hand on a gun at his left side," and "push[ing] [Bamba] in the chair, . . . sp[inning] [him] around, and grabb[ing] [his] phone." Compl. ¶¶ 22, 27. Based on Bamba's victim statement, "probable cause exist[ed], unless the circumstances raise[d] doubt as to [Bamba's] veracity." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citation omitted). While Ward alleges that Bamba's accusation that Ward threatened him with his left hand is impossible, and that NYPD officers were aware of Bamba's history of false allegations against colleagues, the complaint does not allege that Familo, a federal agent, was aware of these facts. *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983) ("Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty.").

Ward likewise does not state a false arrest claim against the Government because the face of his complaint establishes that Familo had probable cause to arrest Ward, entitling the Government to "a complete defense." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citation omitted); *see also Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) ("[A] defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." (citation omitted)). Specifically, Ward alleges that Bamba accused Ward of grabbing his phone, and Ward admits that he put his finger on the receiver during Bamba's second 911 call, "[w]ith intent to prevent [Bamba] from communicating a request for emergency assistance, intentionally disabl[ing] . . . telephonic . . . equipment while [Bamba] . . . [wa]s attempting to seek . . . emergency assistance from police." N.Y. Penal Law § 145.00(4)(a) (describing criminal mischief in the fourth degree); *see Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge . . . .").

Finally, Ward does not state a malicious prosecution claim against Bamba because Bamba acted "within the scope of his employment," leaving a claim against the Government as Ward's "exclusive remedy." *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994).[1] Specifically,

---

[1] On appeal, Ward has abandoned any claim against the Government with respect to Bamba.

3

Bamba's superseding misdemeanor information concerned a work-related dispute that occurred at the office, and it was reasonably anticipated that the filing of a criminal information might result from a workplace dispute of this nature. *See Riviello v. Waldron*, 391 N.E.2d 1278, 1281 (N.Y. 1979) (discussing the criteria under New York law for finding that an employee acted within the scope of his employment).

We have reviewed all of the remaining arguments raised by Ward on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 30, 2021 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court