Williams v City of New York (2022 NY Slip Op 06452)

Williams v City of New York

2022 NY Slip Op 06452

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 158117/19 Appeal No. 16636 Case No. 2021-02682 

[*1]Stefan Williams, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Caitlin Robin & Associates PLLC, New York (Caitlin A. Robin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about July 14, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the false arrest, false imprisonment, and malicious prosecution claims, unanimously affirmed, without costs.
The claims were correctly dismissed because the officers' testimony and corroborating video evidence established prima facie probable cause for plaintiff's arrest for criminal trespass in the third degree, and plaintiff failed to raise a triable issue of fact (see Flavin v City of New York, 171 AD3d 633, 634 [1st Dept 2019]). Plaintiff does not dispute that defendant sergeant ordered him to leave the precinct and warned him that he would be arrested if he did not leave (see Penal Law §§ 140.00, 140.10[a]). Plaintiff's contention that he was in fact leaving the premises is not supported by the testimonial or video evidence; rather, the body camera footage at the precinct showed that, despite the sergeant's repeated orders to leave, plaintiff continued to engage and argue, and he ultimately proffered his wrists and challenged the sergeant to arrest him. Plaintiff also admitted on the footage, as he did at his deposition, that he was trying to provoke the officer. Under these circumstances, the officers reasonably believed that plaintiff was committing the offense of criminal trespass in the third degree (see People v Bigelow, 66 NY2d 417, 423 [1985]; Colon v City of New York, 60 NY2d 78, 82 [1983]). Accordingly, defendants made an unrebutted prima facie showing of probable cause for plaintiff's arrest, which constitutes a complete defense to the claims of false arrest, false imprisonment, and malicious prosecution (see Gann v City of New York, 197 AD3d 1035, 1036 [1st Dept 2021]).
Plaintiff failed to preserve his argument that the sergeant's order directing him to leave the precinct violated his friend's constitutional right to counsel. In any event, the argument is unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022