17-1115-cv
*Fred Burgess, II v. Christopher DeJoseph et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
             GERARD E. LYNCH,
             DENNY CHIN,
                 *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FRED BURGESS, II,

               *Plaintiff-Appellant,*

               v.                              17-1115-cv

CHRISTOPHER DeJOSEPH, individually and in his official capacity, ROBERT TEATER, individually and in his official capacity, FRED LAMBERTON, individually and in his official capacity, FRANK L. FOWLER, Syracuse Police Chief, individually and in his official capacity, CITY OF SYRACUSE,

               *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: ZACHARY C. OREN, Law Office of Zachary C. Oren, Utica, New York.

FOR DEFENDANTS-APPELLEES: CHRISTINA F. DeJOSEPH (Mary L. D'Agostino), Office of the Corporation Counsel of the City of Syracuse, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Fred Burgess, II appeals from a judgment entered March 21, 2017, in favor of defendants-appellees Christopher DeJoseph, Robert Teater, Fred Lamberton, Frank L. Fowler, and the City of Syracuse. By memorandum-decision and order also entered March 21, 2017, the district court granted defendants-appellees' motion for summary judgment and dismissed the complaint in this false arrest and malicious prosecution case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On December 31, 2012, David A. Jones, II was shot in his vehicle in Syracuse, New York; he was transported to the hospital and later pronounced dead. The Syracuse Police Department ("SPD") dispatched officers to the scene and found two eyewitnesses to the shooting, siblings Jaquan Pridgen and Reonnia Grady. Detectives

2

from SPD's Criminal Investigations Division interviewed Pridgen and Grady at the police station. The witnesses then returned home to the same apartment. The next morning, Pridgen and Grady were transported back to the station, where they were re-interviewed by detectives Christopher DeJoseph and Fred Lamberton. Both witnesses were separately shown a six-photo array and positively identified Burgess as the individual who shot Jones.

Later that day, Burgess was interviewed. He was then charged and arrested for murder in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree. Two days later, he was indicted by a grand jury on all charges.

On April 25, 2013, the court held a hearing concerning Burgess's challenge to the admissibility of Pridgen's and Grady's photo-array identifications. The court concluded that "the People have met their burden of showing the reasonableness of the police conduct and absence of suggestiveness of the identification procedures." App. at 539-40. By decision dated July 15, 2013, the court denied Burgess's request to dismiss or reduce the indictment, finding that "the evidence presented to the Grand Jury was legally sufficient to support the offense[s] contained in the indictment, the

3

proceedings were not defective and proper legal instructions were given to the Grand Jury." *Id.* at 533.

On October 31, 2013, Burgess was acquitted on all counts by a jury. Burgess commenced the instant lawsuit on November 12, 2014. After the district court granted defendants summary judgment, this appeal followed.

We review the grant of summary judgment *de novo*. *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 297 (2d Cir. 2003). "Summary judgment is appropriate only if it can be established that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003) (citation and internal quotation marks omitted).

On appeal, Burgess argues that the district court erred in granting the defendants summary judgment on his false arrest, malicious prosecution, and municipal liability claims. He also challenges the district court's decision to deny him leave to amend his complaint.

## I.    False Arrest

Burgess argues that the district court erred in finding there was probable cause for his arrest. We disagree.

4

Probable cause is a complete defense to an action for false arrest under both state law and 42 U.S.C. § 1983. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). "An officer has probable cause to arrest when he or she has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime.'" *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (citation omitted). We consider the "totality of the circumstances," *Maryland v. Pringle*, 540 U.S. 366, 371 (2003), "from the perspective of a reasonable police officer in light of his training and experience," *United States v. Delossantos*, 536 F.3d 155, 159 (2d Cir. 2008), based on the "facts known to the arresting officer at the time of the arrest," *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause does not require absolute certainty, *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012), although officers "may not disregard plainly exculpatory evidence," *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006).

Probable cause exists when officers receive information from a putative victim or eyewitness unless the circumstances raise doubt as to the person's veracity. *See Martinez v. Simonetti*, 202 F.3d 625, 634-35 (2d Cir. 2000). "A positive photo identification by an eyewitness is normally sufficient to establish probable cause to arrest." *Celestin v. City of New York*, 581 F. Supp. 2d 420, 431 (E.D.N.Y. 2008).

5

Drawing all reasonable inferences in Burgess's favor, we conclude as a matter of law that probable cause existed to arrest him. Two witnesses, Pridgen and Grady, separately identified Burgess as the shooter in a photo array. Burgess does not argue that the photo array was unduly suggestive, but rather that the detectives should have been aware of inconsistencies in the descriptions given by the interviewees. There is no evidence, however, that either officer was aware of the inconsistencies. Moreover, even if they were aware of the inconsistencies, they reasonably relied on the independent positive photo identifications when making the probable cause determination. Finally, Burgess's assertion that the two witnesses conspired with another individual to wrongfully accuse him of murder is pure conjecture and not sufficient to defeat summary judgment. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). Accordingly, we affirm the district court's conclusion that there was probable cause to arrest and thus no false arrest.

**II.    Malicious Prosecution**

Burgess argues that the district court erred by granting defendants summary judgment on his malicious prosecution claim. Again, we disagree.

One of the elements of a claim for malicious prosecution under both § 1983 and New York law is the "lack of probable cause for commencing the

proceeding." *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). "[A] grand jury indictment gives rise to a presumption that probable cause exists." *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006). This presumption "may be rebutted by evidence of various wrongful acts on the part of police," by "'establish[ing] that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id.* (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)). Burgess "bears the burden of establishing that [d]efendants misled the grand jury and the prosecutors by either withholding or misrepresenting evidence in order to sustain the case against [him]." *Dufort v. City of New York*, 874 F.3d 338, 353 (2d Cir. 2017).

For the reasons articulated by the district court below, we conclude that Burgess failed to present evidence from which a jury could find that defendants misled the grand jury, suppressed evidence, acted in bad faith, or engaged in any wrongful conduct. We reject the argument that the presumption of probable cause was rebutted by the defendants' failure to testify at the grand jury hearing to certain exculpatory statements. It was the prosecutor, not the defendant police officers, "who had the discretion and authority to decide what evidence to present to the grand jury," and the

7

prosecutor "was under no duty to present every item of arguably exculpatory evidence in seeking an indictment." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003).

Finally, we reject Burgess's alternative argument that probable cause dissipated at some point during his prosecution, thereby making defendants liable for its continuation. Where, as here, probable cause existed for the arrest, Burgess must show that probable cause dissipated at some point after the arraignment. *See Gaston v. City of New York*, 851 F. Supp. 2d 780, 793 (S.D.N.Y. 2012) (stating that probable cause must dissipate after the commencement of prosecution); *Meija v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000) (noting that prosecution commences at arraignment). Although Burgess presented arguably exculpatory evidence that developed after his arraignment, he failed to present sufficient evidence to permit a jury to find defendants responsible for continuing Burgess's prosecution.

"[P]olice officers do not generally commence or continue criminal proceedings against defendants." *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (internal quotation marks omitted). Here, the defendants' post-arraignment involvement in the prosecution was minimal, and certainly could not be considered "active" or beyond the normal police tasks of "report[ing information] or giv[ing] testimony." *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010). The

8

defendants were not even aware of all the information that Burgess argues was exculpatory, nor is there evidence that any of the defendants played an active role in encouraging or influencing the decision to continue the prosecution. It was thus the prosecutors, not the defendants, who decided to continue the case despite the arguably exculpatory evidence. Accordingly, we affirm the district court's grant of summary judgment on this claim.

### III. Municipal Liability

The district court dismissed Burgess's municipal liability claim because it dismissed the underlying constitutional violations. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). We likewise find no underlying constitutional violation, and so affirm the district court's dismissal of these claims.

### IV. Leave to Amend Complaint

We review the district court's denial of a motion for leave to amend a complaint for abuse of discretion. *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). The district court denied Burgess's motion to amend the complaint to add four parties and a failure to intervene cause of action, concluding that the motion was inexplicably delayed and the proposed amendment was futile. On appeal, Burgess

9

only makes brief references to an amended complaint, primarily in footnotes, and does not present us with any arguments that persuade us that the district court abused its discretion. Accordingly, we find no abuse of discretion and affirm the district court's denial of his motion to amend.

. . .

We have considered Burgess's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10