18-95-cv(L)
DaCosta v. Tranchina et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand nineteen.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

MAXIE DACOSTA,

*Plaintiff-Appellee*,

v.

Nos. 18-95(L)*,
18-522(CON)

DETECTIVE FORTUNATO TRANCHINA,
Shield #509, individually and in his official
capacity,

*Defendant-Appellant*,

_____

* The Lead appeal, 18-95, was withdrawn on May 8, 2018.

CITY OF NEW YORK; DETECTIVE DAVID SHAPIRO, Shield #6054; POLICE OFFICERS JOHN DOE AND JANE DOE #1 THROUGH #20, individually and in their official capacities (the names of John and Jane Doe being fictitious, as the true names of these individuals are presently unknown),

*Defendants.*

\-----------------------------------------------------------------

FOR APPELLANT: MACKENZIE FILLOW (Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

FOR APPELLEE: SCOTT A. KORENBAUM (Kim E. Richman, Richman Law Group, Brooklyn, NY, *on the brief*), New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is REVERSED, and the case is REMANDED with instructions to enter judgment in favor of Defendant-appellant Detective Fortunato Tranchina.

Tranchina appeals from an order of the District Court (Weinstein, J.) denying him qualified immunity for a malicious prosecution claim brought by Maxie DaCosta under 42 U.S.C. § 1983. On appeal, Tranchina argues that there was at least arguable probable cause to prosecute DaCosta and that DaCosta failed to rebut the presumption of probable cause resulting from a grand jury indictment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to reverse.

Qualified immunity shields officials from a malicious prosecution claim if the prosecution is supported by "arguable probable cause." Betts v. Shearman, 751 F.3d 78, 83 (2d Cir. 2014). "Arguable probable cause exists if officers of reasonable competence could disagree on whether the probable cause test was met." Dufort v. City of New York, 874 F.3d 338, 354 (2d Cir. 2017) (quotation marks omitted).

On appeal, DaCosta does not dispute that Tranchina had probable cause to arrest him once Mohammad Sarwar, one of the witnesses to the robbery, identified DaCosta as the perpetrator after having viewed his photograph in a

news story and relayed this information to Tranchina. Once probable cause is established, "the groundless nature of the charges must be made apparent by the discovery of some intervening fact" for it to dissipate. Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996). With respect for the District Judge's views to the contrary, we conclude that officers of reasonable competence could disagree about whether the subsequent events in this case dissipated probable cause. Even if Sarwar's photo array and lineup identifications of DaCosta were unreliable and did not support probable cause, neither the claimed irregularities with the photo array nor any resulting taint in the lineup investigation undermined the reliability of his initial identification of DaCosta. The same is true for the misidentification and nonidentification by the other two victims of the robbery. We therefore conclude that Tranchina had at least arguable probable cause to pursue the prosecution and was entitled to qualified immunity, despite these later events.

Finally, DaCosta argues that Tranchina is not entitled to qualified immunity because he "failed to take basic investigatory steps." Appellee's Br. 22. The District Court concluded that if a rational jury found that Tranchina

4

"knew of and ignored serious issues with the eyewitness' identification and failed to evaluate other potentially exculpatory evidence, then there was not 'arguable probable cause' to prosecute Plaintiff." App'x 195. The District Court further stated that "[t]he police procedures utilized in this case were entirely unsatisfactory and of the sort that have led to miscarriages of justice." Sp. App'x 2. While "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause," Colon v. City of New York, 60 N.Y.2d 78, 82 (1983), even assuming that there were investigatory steps that Tranchina should have taken, here, Tranchina did have arguable probable cause as a result of Sarwar's identification. No intervening facts either cast doubt on that initial identification or made it apparent that the charges against DaCosta were "groundless." Lowth, 82 F.3d at 571.[1]

We have considered DaCosta's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is REVERSED, and the case is REMANDED with instructions to enter

---

[1] Because Tranchina had arguable probable cause, we need not consider whether DaCosta has overcome the presumption of probable cause resulting from the grand jury indictment.

judgment in favor of Defendant-appellant Tranchina.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court